E. B. WAREHIME v. JOHN ALBERT HUSEBY and Clarence Ellithorpe, Individually and as Copartners Doing Business under the Firm Name and Style of Huseby & Ellithorpe, and Elwell Ellithorpe.

(165 N. W. 502.)

This is a personal injury case. The law of the case is this:

**Personal injury — damages — action to recover — ordinary care — negligence of injured party.**

1. Every person is responsible for an injury occasioned to another by his want of ordinary care and skill in the management of his property, except so far as the latter has wilfully or by want of ordinary care brought the injury upon himself.

**Employer — employee — directions to — by employer — amount lost or expended — in performance of duties — indemnity for.**

2. An employer must indemnify his employee for all that he necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer.

**Losses — ordinary risks of the business — negligence of coemployee — — in same line of work — employer not liable — ordinary care — want of.**

3. An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee.

**Ordinary care — want of — by employer — must indemnify employee — for losses.**

4. An employer must, in all cases, indemnify his employee for losses caused by the former's want of ordinary care.

---

NOTE.—On statutory liability of employers for the negligence of employees exercising superintendence, see notes in 58 L.R.A. 33; 16 L.R.A. (N.S.) 146, and 21 L.R.A. (N.S.) 601.

On vice principalship as determined with reference to the character of the act which caused the injury, see note in 54 L.R.A. 33.

As to servant's right of action for injuries received in obeying direct command accompanied by assurance of safety, see note in 30 L.R.A. (N.S.) 453.

On duty of master to exercise reasonable care in providing suitable machinery, instruments, means, and appliances for his servants in their work, see note in 12 Am. St. Rep. 530.

}

**Master — proper machinery — must provide — competent servants — negligence.**

5. The master must not only provide safe and proper machinery, but must place it in the control of competent servants.

Opinion filed November 12, 1917.

Appeal from the District Court of Williams County, Honorable *Frank E. Fisk,* Judge.

Affirmed.

*Palmer, Craven, & Burns,* for appellants.

The plaintiff and others employed by defendants in the same line of work were fellow servants. "The negligence of a foreman of a gang, in failing to block a pile which was shoved against plaintiff, injuring him, because it was not blocked, is the negligence of a fellow servant, although the foreman had authority to employ and discharge plaintiff and the plaintiff was under his superintendence and control in doing the work in the performance of which they were engaged." Ell v. Northern P. R. Co. 1 N. D. 336, 12 L.R.A. 97, 26 Am. St. Rep. 621, 48 N. W. 222.

The negligent performance or omission to perform a duty which the master owes to his employees is, at common law, the negligence of the master, whatever the grade of the servant who is in that respect careless. The negligence of the servant engaged in the same general business with the injured servant is the negligence of a fellow servant, whatever position the former occupies with respect to the latter, as to all acts which pertain to the duties of mere servants, as contradistinguished from the duties of the master to his employee. Lang v. Bailes, 19 N. D. 582, 125 N. W. 891; Ness v. Great Northern R. Co. 25 N. D. 572, 142 N. W. 165; Jackson v. Chase, 26 N. D. 367, 144 N. W. 235; American Bridge Co. v. Seeds, 11 L.R.A.(N.S.) 1041, 75 C. C. A. 407, 144 Fed. 605; Stevens v. Chamberlin, 51 L.R.A. 513, 40 C. C. A. 421, 100 Fed. 378; Kern v. De Castro & D. Sugar Ref. Co. 125 N. Y. 50, 25 N. E. 1071; Casey v. Pillsbury Flour Mill Co. 122 Minn. 474, 142 N. W. 726; Corey v. Joliet Bridge & Iron Co. 151 Mich. 558, 115 N. W. 737; Richter v. Union Lime Co. 153 Wis. 261, 140 N. W. 1126; Baltimore & O. S. W. R. Co. v. Hunsucker, 33 Ind. App. 27, 70 N. E. 556.

If there are two known ways of performing an act, one of which is safer than the other, it is contributory negligence to voluntarily adopt the more dangerous method because it is the most convenient. Rohlfs v. Fairgrove Twp. 174 Mich. 555, 140 N. W. 908; Allen v. Green Bay Mfg. Co. 150 Wis. 545, 137 N. W. 766; Lynch v. Saginaw Valley Traction Co. 153 Mich. 174, 116 N. W. 983; Hussey v. Coger, 112 N. Y. 614, 3 L.R.A. 559, 8 Am. St. Rep. 787, 20 N. E. 556; Tedford v. Los Angeles Electric Co. 54 L.R.A. 117, note.

"The general rule is that a master is not responsible for the errors which a servant of superior grade may commit in regard to the choice of methods for carrying out the work intrusted to his management." Morgridge v. Providence Teleph. Co. 20 R. I. 386, 78 Am. St. Rep. 879, 39 Atl. 328; Knutter v. New York & N. J. Teleph. Co. 67 N. J. L. 646, 58 L.R.A. 808, 52 Atl. 565, 12 Am. Neg. Rep. 109; Tedford v. Los Angeles Electric Co. 54 L.R.A. 109, note; Petaja v. Aurora Iron Min. Co. 106 Mich. 463, 32 L.R.A. 435, 58 Am. St. Rep. 505, 64 N. W. 335, 66 N. W. 951; Bell v. Lang, 83 Minn. 228, 86 N. W. 95.

Here the plaintiff and Elwell Ellithorpe were fellow servants, and the releasing of the "cage" was but a detail of the work as to which the master owed no duty. Armour v. Hahn, 111 U. S. 313, 28 L. ed. 440, 4 Sup. Ct. Rep. 433; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021, 5 Am. Neg. Rep. 68; Capasso v. Woolfolk, 163 N. Y. 472, 57 N. E. 760; Vogel v. American Bridge Co. 180 N. Y. 375, 70 L.R.A. 725, 73 N. E. 1, 17 Am. Neg. Rep. 689; Morgan Constr. Co. v. Frank, 86 C. C. A. 168, 158 Fed. 964; Goddard v. Interstate Teleph. Co. 56 Wash. 536, 106 Pac. 189; Broderick v. St. Paul City R. Co. 74 Minn. 163, 77 N. W. 28; Saxton v. Northwestern Teleph. Exch. Co. 81 Minn. 314, 84 N. W. 109.

There is no joint liability shown in this case, and there is no right of recovery on such basis. Fergason v. Chicago, M. & St. P. R. Co. 63 Fed. 177; Schlosser v. Great Northern R. Co. 20 N. D. 406, 127 N. W. 502; 1 Jaggard, Torts, p. 281.

*Wm. G. Owens* and *E. R. Sinkler* for respondent.

Negligence, contributory negligence, and assumption of risk are primarily questions for the jury in this jurisdiction. Johnson v. Fargo, 15 N. D. 525, 108 N. W. 243, 20 Am. Neg. Rep. 460; Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676; Solberg v. Schlosser, 20 N. D.

307, 30 L.R.A.(N.S.) 1111, 127 N. W. 91; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 316, 122 N. W. 390; Webb v. Dinnie Bros. 22 N. D. 377, 134 N. W. 41; Hollingshead v. Minneapolis, St. P. & S. Ste. M. R. Co. 20 N. D. 642, 127 N. W. 993; Jackson v. Grand Forks, 24 N. D. 601, 45 L.R.A.(N.S.) 75, 140 N. W. 718; Messer v. Bruening, 32 N. D. 515, 156 N. W. 241.

Elwell Ellithorpe was a vice principal of the other two defendants here, and therefore any negligence of his which was the proximate cause of the injury is the negligence of the other two defendants, or of the partnership. Swanson v. Schmidt-Gulack Elevator Co. 22 N. D. 571, 135 N. W. 207; Webb v. Dinnie Bros. 22 N. D. 377, 134 N. W. 41; 28 Cyc. 1115.

"It is well settled by all the authorities that the master must provide his servant with a safe place in which to work, and must furnish him with suitable machinery and appliances with which to work, and to keep such machinery in good repair." , 26 Cyc. 1115, and cases cited; Fink v. Des Moines Ice Co. 84 Iowa, 321, 51 N. W. 155.

The rules of law, applicable to principal and agent, must apply in such cases. Shearm. & Redf. Neg. 4th ed. 194, 204; Lang v. Bailes, 19 N. D. 582, 125 N. W. 891.

The law will not excuse the master from liability where a "cage" falls into a mine by reason of defective brakes. The brake is one of the important instruments in such work, which the master must see and keep safe. Myers v. Hudson Iron Co. 150 Mass. 125, 15 Am. St. Rep. 176, 22 N. E. 631; Texas & P. Coal Co. v. Daves, 41 Tex. Civ. App. 289, 92 S. W. 275; 26 Cyc. 1097, 1104.

It was the master's duty when he gave plaintiff orders to go upon the car, to know that the car and the brake were safe. Webb v. Dinnie Bros. 22 N. D. 377, 134 N. W. 41; Haas v. Balch, 6 C. C. A. 201, 12 U. S. App. 534, 56 Fed. 984; O'Brien v. Nute-Hallett Co. 177 Mass. 422, 59 N. E. 65; 4 Labatt, Mast. & S. 3913.

The doctrine of assumption of risk is based upon contract and the relationship of master and servant. One cannot assume that which he does not know. Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 316, 122 N. W. 390.

A servant cannot be paid to assume a risk when he acts in obedience

to orders of his master or of orders of the master's agent. Webb v. Dinnie Bros. 22 N. D. 377, 134 N. W. 41; Choctaw, O. & G. R. Co. v. Jones, 7 Ann. Cas. 435, note; Haas v. Balch, 6 C. C. A. 201, 12 U. S. App. 534, 56 Fed. 984; 4 Labatt, Mast. & S. pp. 3928, 3936, 3960, 3965, 3967; Miller v. Bullion-Beck & C. Min. Co. 18 Utah, 358, 55 Pac. 59; McKee v. Tourtelotte, 167 Mass. 69, 48 L.R.A. 542, 44 N. E. 1071; Brown v. Lennane, 155 Mich. 686, 30 L.R.A.(N.S.) 453, 118 N. W. 581; Illinois Steel Co. v. Schymanowski, 162 Ill. 447, 44 N. E. 876.

Whether plaintiff acted recklessly in obeying orders, or whether he acted as a reasonably prudent person should act, are questions of fact for the jury, and the jury having passed on them, they are settled. 4 Labatt, Mast. & S. pp. 3960 to 3974; Graham v. Newburg Orell Coal & Coke Co. 38 W. Va. 273, 18 S. E. 584; Harder & H. Coal Min. Co. v. Schmidt, 43 C. C. A. 532, 104 Fed. 282, 9 Am. Neg. Rep. 227; Bradbury v. Goodwin, 108 Ind. 286, 9 N. E. 302; Lake Superior Iron Co. v. Erickson, 39 Mich. 492, 33 Am. Rep. 433, 10 Mor. Min. Rep. 39; Stomme v. Hanford Produce Co. 108 Iowa, 137, 78 N. W. 841; Gundlach v. Schott, 192 Ill. 509, 85 Am. St. Rep. 348, 61 N. E. 332; Shadford v. Ann Arbor Street R. Co. 121 Mich. 224, 6 Am. Neg. Rep. 579, 80 N. W. 30; Van Duzen Gas & Gasoline Engine Co. v. Schelies, 61 Ohio St. 298, 55 N. E. 998.

ROBINSON, J. The plaintiff brings this action for personal injury. He recovered a verdict and judgment for $2,500, and defendant appeals.

The complaint is that defendant John Huseby and Clarence Ellithorpe are partners, engaged in the operation of a lignite coal mine in Williams county, and the other defendant is the foreman of the partners. That on February 22, 1915, and prior thereto, plaintiff was in the employ of said partnership, under the supervision and direction of said foreman. That for carrying on the operations of the mine the defendants owned and operated a hoisting engine and apparatus, consisting of pulleys, lifts, tracks, scales, etc., which machinery was under direct supervision of said foreman. That on February 22, 1915, they allowed the hoisting apparatus to get out of repair so the same became dangerous and the part known as the tipple became disarranged and broken; that pursuant to the direction of the defendants the plaintiff

climbed upon the works to make necessary repairs and to replace the hoisting cable onto the pulley from which it had slipped, and that while at work on the same, under the immediate direction of the foreman, the car fell with him to the bottom of the shaft, by which he sustained injury to the amount of $10,000.

By answer defendants claim that the injuries to plaintiff was due to his own negligence and want of care, and that he virtually assumed the risk of his dangerous employment, and that he was guilty of contributory negligence.

The law of the case is this:

Comp. Laws, § 5948. Every person is responsible for an injury occasioned to another by his want of ordinary care and skill in the management of his property, except so far as the latter has wilfully or by want of ordinary care brought the injury upon himself.

Comp. Laws, § 6106. An employer must indemnify his employee for all that he necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer.

Sec. 6107. An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee.

Sec. 6108. An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care.

The master must not only provide safe and proper machinery, but must place it in the control of competent servants.

Manifestly the complaint states a good cause of action, and the case presents no question only on the sufficiency of the evidence to sustain the verdict.

In the brief of the appellant it is said: "Prior to the time of the accident, on each day about 75 tons of coal were mined, and in loads of 2,400 it was loaded on a car, and the car and coal were elevated in a cage and tower about 75 feet to the receiving platform, about 12 feet above the surface of the ground, and there the car was by hand run off on a track to a tipple and dumped, and the car returned to the

cage and back to the mine. The car was elevated by means of a steel cable passed over a pulley at the top of the elevating car. It was worked by a steam engine, located on the surface of the ground near the elevator shaft. On September 22, 1915, and for months prior thereto, the hoisting apparatus was worked by Elwell Ellithorpe as the foreman of the other defendants. He had control of the car, the engine, and by means of a brake he could stop the car at any place; that on September 22, through an oversight and omission on the part of the engineer, the car of coal was elevated so high that the steel clamps on the cable became stalled in the tower, and could not be raised or lowered by means of the engine. The cable got off the pulley. Then it seems the engineer tried various means to get the cable back on the pulley, and directed the plaintiff to assist; and, as they worked to get the cable on the pulley, the car became released and fell to the bottom of the shaft, and the plaintiff fell with it.

"From October 10, 1915, until the time of the accident, plaintiff did different kinds of work at $60 a month. He hauled coal to different places in town and slack of coal from the mines. Clarence Ellithorpe and Elwell Ellithorpe, the foreman, gave orders to him. He says just before he went to the top of the tipple Clarence had told him, 'Go up and help Elwell.' He went up, and Elwell told him to go down and loose the cable drum. He did so. Then he and Elwell worked with bars to pry the cable onto the pulley. Elwell said to plaintiff: 'I have placed cross timbers under the car, and it is safe.' He said: 'Step right on, right over, it is safe; I have cross timbers under it.' 'The last thing I remember was something hit me just as I took hold of the bar. I remember just as I pulled the bar he jarred it with a short-handled ax. Clarence had told me that, when he was not there, Elwell was my boss. I was standing on the braces of the ladder and the hoist when Elwell put the crowbar in and told me to take hold of it. I started to take hold of it, and he told me to step over onto the car and take hold of it. I stepped on the car of coal, and took hold of the bar, and started to pull it. Something hit me, and that is the last I remember.'

"The partners claim that at the time of the accident plaintiff was in the employ of their foreman, and not in their employ, but that looks like a shallow pretense, on which the jury found against them. At

the time of the accident he was in the employ of, and did work for, the partnership, and under the immediate direction of the foreman who. operated the hoisting outfit. By negligence he had run the car up several feet too high and run the hoisting cable off its pulley. He had left the engine without any control to prevent the car from dropping; while to prevent a drop of the car he negligently nailed under it some common plank, in place of good strong timber. Then he assured the plaintiff that it was safe, and directed him to assist in replacing the cable, and this he did while standing on the car and using iron rods or crowbars, as directed by the foreman. And as the chain was replaced on the pulley, the car had no support, except by the plank which broke and precipitated him to the bottom of the pit. When the plaintiff was asked if he did not have the same opportunity as the foreman to observe the danger incident to replacing the cable, his answer was: 'No, because Elwell could take his time and I could not take my time.' He was there to obey orders, and not to contrive or think and consider. The right to give orders imposes the duties to protect and guard the servant from danger."

This is no case for hairsplitting or fine theories of law and fact. As the jury has found, and as the evidence shows, at the time of the accident the foreman represented the other defendants. He ordered, and in effect pushed, the plaintiff into a position of danger from which he narrowly escaped with his life. His injury was more than twice the amount of the verdict. There is nothing to be gained by further litigation.

Judgment affirmed.

GRACE, J.   I concur in the result.